IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEIDI MARIE MABRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-81-J |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

O R D E R

AND NOW, this 12th day of July, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and her claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. §§ 1381 *et seq.,* finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  See 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court

may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff raises several arguments as to why substantial evidence does not support the Administrative Law Judge's ("ALJ") determination. Specifically, Plaintiff argues the ALJ committed reversible error when she failed to properly consider the opinion of Dr. Philippus Elys, D.O. (Doc. No. 12). *(The Court notes that the record is inconsistent as to the spelling of this doctor's name (i.e. Dr. Elys or Dr. Uyus). The parties do not dispute that these spellings refer to the same person. The Court will identify this person herein as Dr. Elys.)* Plaintiff contends the ALJ relied on a mischaracterization of evidence and failed to explain why portions of Dr. Elys' opinion were found to be persuasive but not incorporated into Plaintiff's residual functional capacity ("RFC"). (*Id.* at 8-14). Further, Plaintiff argues the ALJ did not conduct a proper consistency and supportability analysis of Dr. Elys' opinion. (*Id.* at 8-12). Lastly, Plaintiff argues the ALJ erred by failing to conduct a function-by-function analysis of Plaintiff's abilities to stand and walk. (*Id.* at 12-14). After conducting its own careful and independent review of the record, the Court finds the Plaintiff's contentions are without merit.

The Court finds no merit in Plaintiff's argument that the ALJ relied on a mischaracterization of evidence in rejecting Dr. Elys' opinion and failed to properly analyze the consistency and supportability of this opinion. Plaintiff argues the ALJ rejected Dr. Elys' opinion as to limitations in Plaintiff's ability to use her upper extremities. (*Id.* at 9-11). Specifically, the ALJ stated that these limitations were "not supported within [Dr. Elys'] own treatment notes, wherein [he] reported no findings of upper extremity motion limitation[s], strength deficit, sensation deficit, or reflex abnormality[.]" (R. 23). Plaintiff contends that this was a misstatement, as Dr. Elys' exam notes indicated Plaintiff had "impaired sensation in bilateral hands" and noted Plaintiff's symptoms of peripheral neuropathy were severe and not under control. (Doc. No. 12 at 10 (quoting R. 1977)). Further, Plaintiff argues the ALJ erred by citing Exhibit 18F to support her rejection of Dr. Elys' upper extremity limitations, which contains no examination of Plaintiff's upper extremities and no objective findings that would discount Dr. Elys' opinion. (Doc. No. 12 at 10-11).

The Court first notes that for cases such as this one, filed on or after March 27, 2017, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. 5844-01, 2017 WL 168819, at *5853 (Jan. 18, 2017). *See also* §§ 404.1520c(b) and (c); 416.920c(b) and (c). One court has explained the distinction between supportability and consistency thus: "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc.*

---

*Sec.*, No. 6:20-CV-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021).

The Court finds no error in the ALJ's analysis of Dr. Elys' opinion. Plaintiff's arguments ignore the timing of Plaintiff's evaluations with Dr. Elys and the timing of his opinion. As Defendant points out, Dr. Elys evaluated Plaintiff on only one occasion, in October 2021, prior to rendering his opinion in January 2022. (Doc. No. 15 at 8; R. 1390-92, 1418-19). Dr. Elys' evaluation of Plaintiff in October 2021 did not at all involve discussion of Plaintiff's hereditary idiopathic peripheral neuropathy – the condition that was the basis of Dr. Elys' opinion. (R. 1418-19). Therefore, it makes sense that the ALJ found Dr. Elys' opinion was not supported by his treatment notes. (R. 23). Plaintiff's argument relies on findings during Dr. Elys' later exam, one month after he rendered his opinion, where Dr. Elys noted Plaintiff had impaired sensation in her bilateral hands. (R. 1977). But Plaintiff overlooks that the supportability analysis evaluates the medical source's stated support for his or her opinion, which can only logically be articulated based on evidence existing when the opinion is rendered. *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) (explaining that in considering supportability an ALJ should assess "the degree to which [the medical source] provide[s] supporting explanations for their medical opinions."). Additionally, the ALJ conducted a sufficient consistency analysis as she noted that portions of Dr. Elys' assessment were not consistent with the record. Specifically, the ALJ stated:

> [Dr. Elys'] assessment [that] the [Plaintiff] would have difficulty with repetitive reaching, handling, and fingering [was] not supported within his own treatment notes, wherein [he] reported no findings of upper extremity motion limitation, strength deficit, sensation deficit, or reflex abnormality . . . [further, his] assessment [was] not consistent with the remainder of the record, which also show[ed] no findings of upper extremity abnormality.

(R. 23 (citing Ex. B18F)). This analysis was sufficient to meet the applicable regulations. *See Cook*, 2021 WL 1565832, at *3. Accordingly, Plaintiff's argument on this point fails.

Plaintiff further argues that the ALJ did not even properly consider the parts of Dr. Elys' opinion she found to be persuasive. Specifically, she argues that the ALJ erred by failing to explain why Dr. Elys' opined persuasive limitations were not incorporated into the RFC, including his opined limitations that Plaintiff could sit for six hours in an eight-hour workday, sit 60 minutes without interruption at one time, stand/walk for two hours in an eight hour workday and 15 minutes at a time, had no need for additional/unscheduled breaks or need to shift positions at will, and could frequently lift up to 50 pounds with limitations in repetitive reaching, handling, and fingering, specifically grasping, turning, and twisting objects with bilateral hands. (Doc. No. 12 at 10-13; Ex. B17F/3-4). Plaintiff is correct that these exact limitations were not incorporated into Plaintiff's RFC; rather the ALJ considered Dr. Elys' opinion and concluded that Plaintiff had the following,

3

less restrictive, RFC:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can frequently climb ramps and stairs, stoop, kneel, crouch, and crawl, and never climb ladders, ropes or scaffold. She can never work at unprotected heights. She can sustain work activity in a routine work environment.

(R. 20). Upon consideration, the Court finds the ALJ's RFC is supported by substantial evidence.

While Plaintiff's argument raises a salient point, Plaintiff overlooks that an ALJ is not bound to accept all of a doctor's opined limitations simply because she found the opinion wholly or partially persuasive. *See Wilkinson v. Commissioner Social Sec.*, 558 F. App'x 254, 256 (3d Cir. 2014) (citations omitted) (explaining that "no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight."). The ALJ only had an obligation to review Dr. Elys' opinion and assess it using the consistency and supportability factors, as stated above. Here, as explained, the ALJ conducted a sufficient evaluation of Dr. Elys' opinion. The ALJ found this opinion partially persuasive after assessing Dr. Elys' opined limitations and concluding that Dr. Elys' opined limitation that Plaintiff would have difficulty with repetitive reaching, handling, and fingering was not supported within his own treatment notes and was inconsistent with the remainder of the record, which showed no upper extremity abnormality. (R. 23 (citing Ex. B18F)). The ALJ's citation to Exhibit 18F in this instance was not in error; this exhibit contains notes from an October 7, 2021 examination Dr. Elys performed prior to rendering his opinion which do note specifically support his purported functional limitations. In this context, pointing to an exhibit prior to the opinion containing no treatment notes showing that Plaintiff was having any kind of difficulty with reaching, handling, or fingering was clearly relevant as to whether Dr. Elys' opinion was supported by his own treatment notes.

The ALJ found the remainder of Dr. Elys' opinion, concerning limitations with sitting, walking, additional breaks, and lifting/carrying, consistent with the objective record and supported by his treatment records, which showed ongoing monitoring of Plaintiff's condition with generally unremarkable examinations and Plaintiff's complaints of occasional numbness. (R. 23). However, the ALJ noted that Dr. Elys' opinion did "not address [Plaintiff's] other impairments, which do result in greater limitation." (*Id.*). The ALJ then turned to the opinions of Drs. Prosperi and Wooten, who opined that Plaintiff could perform light work, frequently climb ramps and stairs, stoop, kneel, crouch, crawl, and never climb ladders, ropes or scaffolds. (R. 22). These opinions informed parts of Plaintiff's RFC, and the ALJ ultimately limited Plaintiff to more restrictive lifting/carrying capabilities than those opined by Dr. Elys. (*See* R. 23; Ex.B17F/4 (showing Dr. Elys

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED.

                                                                  s/Alan N. Bloch
                                                                United States District Judge

ecf:        Counsel of record

---

opined that Plaintiff could frequently lift and carry up to 50 pounds); R. 20 (finding Plaintiff was capable of light work)); 20 C.F.R. §§ 404.1567, 416.967 (showing light work involves lifting no more than 20 pounds and frequent lifting and carrying of up to 10 pounds). Thus, the RFC was more restrictive and less restrictive in some ways than each of the medical opinions, reinforcing that they were considered in light of the record evidence in general to craft an RFC supported by the record.

The Court also finds no merit in Plaintiff's argument that the ALJ erred by failing to conduct a function-by-function analysis of Plaintiff's ability to stand or walk in crafting the RFC. (Doc. No. 12 at 12-14). As part and parcel of the previous argument, Plaintiff contends the ALJ rejected Dr. Elys' opined persuasive limitations and found Plaintiff could perform light work without additional explanation. (*Id.*). However, Plaintiff overlooks that an explicit function-by-function analysis was not required in this case as agency regulations and policy clearly define the standing and walking required at the light exertional level. *See Bencivengo v. Comm'r*, No. 00-1995, slip op. at 5 (3d Cir. 2000) (quoting SSR 96-8p, 1996 WL 374184 (July 2, 1996)) (explaining that the language of SSR 96-8p did "not command ALJs to make specific, written findings on dozens of individual work function categories."). Accordingly, the Plaintiff's argument on this point is without merit.

The ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.